**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---
                                                        :
**DENIS MANDU,**                                        :**CASE NO. 3:24-cv-00542-SFR**
        **Plaintiff,**                                  :
**v.**                                                  :
                                                        :
**CSC HOLDINGS, LLC d/b/a ALTICE**                      :
        **Defendants.**                                 :**JUNE 15, 2025**
---
                                                        :

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL

## BACKGROUND

The Plaintiff, Denis Mandu's race is Hispanic/Latin American, color, Brown, and a member of a protected class.  The Plaintiff was employed with the Defendant, CSC Holdings from approximately November 6, 2021 until he was discharged approximately three months afterward, on or about February 11, 2022.  The Plaintiff's position with the Defendant, CSC Holdings, on the date of his discharge was Direct Sales Account Executive.  The Plaintiff's job duties included client sales of the Defendant's services and products including a newly introduced cellular phone service. (direct sales would include door to door sales to potential customers)  On or about January 27, 2022 Plaintiff was contacted by the Defendant CSC Holdings' manager, Blaise Wylie (Caucasian) and Plaintiff and other Hispanic Direct Sales

1

Account Executives were informed that they were being suspended without pay for violation of policies pertaining to residential sales.  Mr. Wiley became Plaintiff's manager approximately three months prior to his suspension and discharge.  During Plaintiff's employment with the Defendant, CSC Holdings, he performed his job satisfactorily and Plaintiff was never disciplined during his employment.  The Plaintiff together with other Hispanic, Latin American direct sales account executives were suspended and subsequently discharged on February 11, 2022.  The Defendant, CSC Holdings' explanation for Plaintiff's discharge was violation of employment policies pertaining to residential sales, the Defendant CSC Holdings alleged as a basis for discharging the Plaintiff that he sold the Defendant's cellular phone service to customers who did not activate the cellular service and commissions were paid to the Plaintiff for the sales.  The Plaintiff has alleged he was treated differently from non-protected basis employees (non-Hispanic) in that he was discharged due to customers not activating the cellular service they were sold and non-protected basis employees were not discharged for the same conduct.  The Plaintiff followed the Defendant, CSC Holdings' polices on the sales of Defendant CSC Holdings' services and products but was penalized due to customers not activating cellular service. The Defendant's disparate treatment of the Plaintiff was based on his race since other non-protected basis employees were not discharged or accused of fraud

2

based on customers not activating cellular service which was sold to customers of the Defendant CSC Holdings.  No other direct sale account executives (Non-Hispanic) were discharged for alleged violation of policies concerning the activating of cellular service and Plaintiff followed and complied with all of Defendant CSC Holdings' employment policies.  The Plaintiff has alleged that he was targeted and discharged because of his race. Contrary to the Defendant CSC Holdings' claim, the Plaintiff did not violate the Defendants' policies and the Plaintiff, together with the other non-protected basis direct sale account executives, performed their duties in the same manner.  Contrary to the Defendant CSC Holdings' representation as the basis of Plaintiff's discharge, the Defendant has discriminated against the Plaintiff in the terms and conditions of his employment by discharging the Plaintiff as a result of his race.  Based on the Defendant CSC Holdings' actions as described above, the Defendant CSC Holdings targeted, disciplined and terminated the Plaintiff based on his race.   The Plaintiff has alleged in the First Count of his amended complaint that the Defendant CSC Holdings has discriminated against the Plaintiff in the terms and conditions of his employment including by discharging the Plaintiff as a result of his race/color in violation of Connecticut General Statutes Section 46a-60(b)(1).

The Plaintiff in the Second Count of his amended complaint has alleged a claim of slander against the Plaintiff.  The Plaintiff has alleged that after he was

3

discharged, Mr. Wiley held a meeting with the direct sales account executives of the Connecticut office of the Defendant, and at the meeting Mr. Wiley informed the direct sales account executives that the Plaintiff was discharged for fraud.

## ARGUMENT

The Plaintiff respectfully objects to Defendant's motion to compel.  The Defendant's motion to compel, similar to the motion filed in the companion case of Angel Rivera, focuses on discovery pertaining to Plaintiff's mitigation of damages. As previously disclosed in discovery, the Plaintiff did not conduct any search for employment after his discharge.  Instead, the Plaintiff resurrected his own business performing auto body repair. (Prime Automotive LLC)  The Plaintiff, through supplemental compliance, has provided his tax returns beyond what has been requested by the Defendant in that the Plaintiff has provided his tax returns from 2021 through 2024.  (Defendant requested tax returns from 2022 to date)  The Plaintiff has not yet filed his 2025 tax return due to an extension through October 2025.  The Plaintiff's deposition was taken on June 8, 2026. Prior to the Plaintiff's deposition, Plaintiff was able to secure tax returns from his accountant for 2021-2023 and provided the tax returns to Defendant's counsel.  On June 9, 2026 the Plaintiff was able to obtain his 2024 tax return, which was immediately forwarded to

4

Defendant's counsel.  All documents pertaining to the Plaintiff's subsequent employment in the form of his tax returns have been provided to the Defendant.

Parenthetically, subsequent to Plaintiff's deposition, Defendant's counsel on Wednesday, June 10, 2026 issued an email to Plaintiff's counsel requesting additional documentation including Plaintiff's mortgage statements for his residence and rental property and all documents supplied to his mortgage company to obtain mortgages on his personal residence and rental property. The Plaintiff's rental property was owned by the Plaintiff prior to his employment with the Defendant.  It should be noted that in Defendant counsel's email of June 10, 2026, statements were included by the Defendant's counsel pertaining to the propriety of requesting mortgage statements and documents submitted to the Plaintiff's mortgage lender. The Plaintiff's counsel contacted the Defendant's counsel by telephone on Friday, June 12, 2026 in an attempt to further resolve the discovery issues raised by the Defendant including its new request for mortgage documents and statements for the Plaintiff's personal residence and his previously owned rental property.  The Plaintiff raised the issue pertaining to the propriety of requesting mortgage statements and documents and the Defendant's counsel's own statement concerning the propriety of requesting such documents.  Defendant's counsel did not raise any issue that his comments in the June 10, 2026 email pertaining to the propriety of requesting

5

mortgage documents was privileged attorney-client communication.  Subsequent to the Plaintiff's counsel's telephone conversation with Defendant's counsel concerning his June 10, 2026 email, the Defendant's counsel now claims that his comments in his email of June 10, 2026 concerning the propriety of requesting mortgage documents was attorney-client privileged communication.  The Plaintiff has attached the email communications from Defendant's counsel, but has redacted the Defendant's counsel's comments which he now claims is privileged communication.  The Plaintiff raises this issue to exemplify the Defendant's discovery requests in the instant case.  Defendant's counsel has indicated that the notations pertaining to their requests for mortgage documents were inadvertently included in defense counsel's original email, claiming it was attorney-client privileged communication. The Defendant's counsel is also now requesting Plaintiff's personal bank statements and bank statements for his automotive business from January 1, 2021, which is more than one year prior to Plaintiff's discharge through the present date.

## **CONCLUSION**

The Plaintiff has complied with the discovery requests noted in the Defendant's motion to compel in that the information pertaining to Plaintiff's mitigation has been provided.

6

THE PLAINTIFF


BY_____/s/_____
JOHN T. BOCHANIS ct 00138
Daly, Weihing & Bochanis, LLC
1776 North Avenue
Bridgeport, CT 06604
(203) 333-8500

## **CERTIFICATION**

This is to certify that on June 15, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


_____/s/_____
JOHN T. BOCHANIS

7