**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DENIS MANDU,<br><br>   Plaintiff,<br><br>-vs-<br><br>CSC HOLDINGS, LLC a/k/a ALTICE,<br><br>   Defendant. | CIVIL ACTION NO.: 3:24-cv-00542-SFR-RMS<br><br>**DECLARATION OF JOSEPH M. VENTO, ESQ. IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND FOR FEES AND COSTS PURSUANT TO FED. R. CIV. P. 37(a)(5)(A)** |

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am a Partner at the law firm Seyfarth Shaw LLP, counsel for Defendant CSC Holdings, LLC ("Defendant"), and admitted to this Court *pro hac vice*. I submit this Declaration in further support of Defendant's Motion to Compel Discovery from Plaintiff Denis Mandu ("Plaintiff") and for Defendant's reasonable attorneys' fees and costs associated with the instant motion pursuant to Fed. R. Civ. P. 37(a)(5)(A).

2. Plaintiff's deposition was taken on June 9, 2026. The following day, I sent Mr. Bochanis an email formalizing certain requests for documents I made during Plaintiff's deposition. On June 12, 2026, I spoke with Mr. Bochanis by phone to discuss the instant motion and Plaintiff's compliance with Defendant's discovery requests.

3. During that call, Mr. Bochanis claimed that Plaintiff had nothing else to produce. I asked whether Plaintiff planned to produce additional documents in response to Defendant's requests I sent by email on June 10. After searching for that email while I waited, Mr. Bochanis asked me what I meant by two parenthetical statements made within requests numbers six and seven. I replied that I was unsure what he was referencing and, in response, Mr. Bochanis commented that it appeared those statements were meant for my client.

4.      When the call ended at approximately 2:30 p.m., I reviewed my June 10 email to Mr. Bochanis and identified an inadvertent disclosure.  Specifically, when I copied the draft document requests from an earlier email to my client and pasted same into my email to Mr. Bochanis, I had unintentionally included two parenthetical comments containing my legal opinions, communicated to my client, regarding two of the requests. At 2:46 p.m. – approximately sixteen minutes after the call ended – I emailed Mr. Bochanis, advised him of the inadvertent disclosure of attorney-client privileged material, instructed him not to share the email with anyone, and re-sent the June 10 email with the parenthetical comments removed.  A true and correct copy of this email is attached hereto as **Exhibit A** (bottom email in the chain).  Mr. Bochanis did not respond at that time.

5.      The following Monday, June 15, 2026, I emailed Mr. Bochanis again to ask that he confirm receipt of my June 12 email and that he had destroyed the initial June 10 email.  Mr. Bochanis responded to say that he had already shared my original June 10 with Plaintiff, and also made other false statements.  I replied that day to correct his falsehoods, and to repeat my directive that Mr. Bochanis destroy the initial June 10 email and take reasonable steps to retrieve the email from Plaintiff.  *Id.*

6.      Mr. Bochanis never responded to that email and instead paraphrased the attorney-client communication I inadvertently shared with him in his opposition papers for what appears to be no reason other than to annoy and harass myself and Defendant.

7.       Plaintiff's deposition took place on June 9, 2026.  The night before, Plaintiff produced his personal and business tax returns for years 2021, 2022 and 2023.  Plaintiff did not produce tax year 2024 until the following day.  A true and correct copy of the cover emails producing these records is attached hereto as **Exhibit B**.

8.    During his deposition Plaintiff admitted that his May 29, 2026 response to Defendant's Interrogatory No. 10 (a true and correct copy of which is attached hereto as **Exhibit C**), where he stated that he "started his own business, Prime Automotive LLC, subsequent to his discharge of employment" was false.

9.    A true and correct copy of the relevant excerpts from a rough draft of Plaintiff's deposition is attached hereto as **Exhibit D**.  Notably, Plaintiff testified that he started Prime Automotive in 2018, which is 4 years before Defendant terminated his employment.  (Ex. D at 17:19-22, 82:25-83:5.)

10.    Despite being made fully aware of this error during his deposition, on June 12, 2026, Plaintiff produced a "Plaintif's Certification" wherein he certified that his May 29, 2026 response to Interrogatory No. 10 is "true and accurate to the best of [his] knowledge and belief." A true and correct copy of "Plaintiff's Certification" is attached hereto as **Exhibit E**.

11.    A true and correct copy of what Plaintiff produced as his 2021 personal and business tax return is attached hereto as **Exhibit F**, which we have redacted to protect Plaintiff's personal identifying information.

12.    A true and correct copy of what Plaintiff produced as his 2022 personal and business tax return is attached hereto as **Exhibit G**, which we have redacted to protect Plaintiff's personal identifying information.

13.    A true and correct copy of what Plaintiff produced as his 2023 personal and business tax return is attached hereto as **Exhibit H**, which we have redacted to protect Plaintiff's personal identifying information.

14. A true and correct copy of what Plaintiff produced as his 2024 personal and business tax return is attached hereto as **Exhibit I**, which we have redacted to protect Plaintiff's personal identifying information.

I declare under penalty of perjury, that the foregoing is true and correct.


Dated: June 22, 2026

*/s/ Joseph M. Vento*
Joseph M. Vento